# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 47-4-19 Vtec

---

## BlackRock Construction LLC ACT 250

---

## ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (47-4-19 Vtec)

Title:       Motion for Partial Dismissal Renewed (Motion 6)
Filer:       BlackRock Construction LLC
Attorney:    Christopher D. Roy
Filed Date:  August 5, 2019

Response filed on 08/19/2019 by Lori Marino, Appellant
       Opposition

**The motion is GRANTED.**

Lori Marino appeals Act 250 Permit #4C1315 issued by the District #4 Environmental Commission (District Commission) to John Evans and BlackRock Construction, LLC (together, BlackRock) for subdivision of 26 lots, construction of 36 residential units, and construction of supporting infrastructure in Williston, Vermont (the Project). Presently before the Court is BlackRock's motion to dismiss "Addendum" Questions 7 and 8 from Ms. Marino's Statement of Questions. At the outset, we clarify our understanding of Questions 7 and 8.

Question 7 appears to ask whether the District Commission considered BlackRock's Act 250 application knowing that a member of the Town of Williston Development Review Board (DRB) had a conflict of interest within the municipal review process. The Question essentially sets forth a factual allegation of bias as the foundation for Question 8.

Question 8 appears to ask whether the alleged conflict of interest at the DRB undermines the accuracy of any municipal permits such that they cannot be accepted by the District Commission or this Court as presumptions, pursuant to 10 V.S.A. § 6086(d), of the Project's conformance with Act 250 Criterions 1–7, 9, 10, and certain sub-criteria.[1] This interpretation of Question 8 appears to be consistent with the assertions in Ms. Marino's response to the present motion. To the extent Ms. Marino may have intended to raise issues associated with permits issued by ANR rather than municipal permits, we will address those concerns as well.

---

[1] Question 8, as originally presented, seemingly refers to the Agency of Natural Resources (ANR) as the decision-making body with respect to Act 250. Ms. Marino later filed a clarification substituting the Natural Resources Board (NRB) in place of ANR. Given this correction, we assume that Question 8 references the proper entities charged with Act 250 review: both the District Commission and this Court.

In support of the present motion, BlackRock contends that "Addendum" Questions 7 and 8 should be dismissed because they are not relevant to the Act 250 criteria at issue in this appeal. We agree. In an order dated June 19, 2019, the Court ruled that Ms. Marino has party status under Act 250 Criterion 1 (blasting), Criterion 5 (traffic), and Criterion 8(A) (wildlife). As explained in the June 19 order, Ms. Marino failed to move for party status under additional criteria pursuant to V.R.E.C.P. 5(d)(2). Thus, her appeal is limited to the above criteria. 10 V.S.A. 8504(d)(1) (party status limits the scope of appeal).

The record shows no permits from the DRB or ANR that are relevant to Criterions 1 (blasting), 5 (traffic), or 8(A) (wildlife). It appears that ANR issued permits which are potentially relevant to the following Criteria and sub-criteria: 1(B) (waste disposal), 1(C) (water conservation), 1(E) (streams), 1(G) (wetlands), 2 (water availability), 3 (impact on existing water supply), and 4 (soil erosion). The only apparent DRB decision is a municipal approval for Phase I of the Project under local regulations, which is potentially relevant under Criterion 10 (town and regional plans). As there are no municipal or ANR permits relevant to the criteria at issue in Ms. Marino's appeal, Questions 7 and 8 are not relevant to the matter before the Court.

The Court acknowledges Ms. Marino's concern with respect to alleged conflicts of interest at the municipal level and their potential impacts on this proceeding. For that reason we briefly explain why, even assuming Ms. Marino had standing to raise the issues covered by Question 8, the DRB decision would not significantly affect this appeal.

BlackRock correctly notes that in the normal course, this Court's *de novo* review cures the harm arising from a conflict of interest below. In re JLD Properties of St. Albans, LLC, 2011 VT 87, ¶¶ 10–13, 190 Vt. 259. Under the *de novo* standard, appeals like Ms. Marino's are essentially new trials and the evidence is reviewed with no deference to prior proceedings. See In re Green Peak Estates, 154 Vt. 363, 372 (1990). The normal course is generally one where the appellant contends that the decision-makers below were directly affected by a conflict of interest or improper influence. See, e.g., Williamson Third Tier Application, No. 55-4-12 Vtec, slip-op at 15 (Vt. Super. Ct. Envtl. Div. Oct. 1, 2013) (Walsh, J.) (appellant challenged a zoning board decision by alleging improper influence during the zoning board's deliberations). In this matter, however, the argument is less direct: Ms. Marino is appealing an Act 250 decision not a DRB decision. Instead, she appears to suggest that municipal approvals from the DRB give rise to presumptions of compliance within the Act 250 process.

Municipal determinations qualify for presumptions under Act 250 only in certain limited circumstances. Where a town's DRB has met the requirements for local Act 250 review under 10 V.S.A. § 4420, district commissions must accept a municipal Act 250 determination as a "presumption that the application is not detrimental to the public health and welfare with respect to the specific requirement for which it is accepted." 10 V.S.A. § 6086(d). Even then, the presumption is limited to impacts affecting the municipality in question and the opposing party may rebut with evidence that the application fails to meet the relevant Act 250 standards. Id.; In re Barefoot, No. 46-4-12 Vtec, slip-op. at 4–5 (Vt. Super. Ct. Envtl. Div. Apr. 8, 2013) (Durkin, J.). In other words, a local Act 250 determination regarding certain criteria does not prevent the district commissions or this Court from finding that a given proposal in fact fails to meet those criteria.

In this case, the DRB approval does not appear to create any type of presumption. We have no information from either party suggesting that the DRB conducts local Act 250 review. Even if a presumption did arise, Ms. Marino would be free to present rebuttal evidence. In any event, the DRB decision appears relevant only to Criterion 10 which is beyond the scope of this

appeal. Similarly, the ANR permits in the record do not appear to be relevant to the Act 250 criteria at issue in this proceeding.

"Addendum" Questions 7 and 8 are **DISMISSED** as they relate to issues for which Ms. Marino lacks party status.

So ordered.

Electronically signed on September 27, 2019 at 10:05 AM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

<u>Notifications</u>:
Appellant Lori Marino
Elizabeth Lord (ERN 4256), Attorney for Interested Person Agency of Natural Resources
Evan P. Meenan (ERN 1632), Attorney for Interested Person Natural Resources Board
Christopher D. Roy (ERN 1352), Attorney for Appellee BlackRock Construction LLC